HOLLAND & KNIGHT LLP
Abraham J. Colman (SBN 146933)
E-mail: abe.colman@hklaw.com
Justin C. Adofina (SBN 333390)
E-mail: justin.adofina@hklaw.com
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Facsimile: 213.896.2450

Attorneys for Defendants
REAL TIME RESOLUTIONS, INC. and
RRA CP OPPORTUNITY TRUST I

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN E. REID, | Case No. 5:24−cv−01752 JVS (DTBx) |
| Plaintiff, | **DEFENDANTS REAL TIME RESOLUTION, INC. AND RRA CP OPPORTUNITY TRUST I'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT** |
| vs. | |
| RRA CP OPPORTUNITY TRUST I; and REAL TIME RESOLUTIONS, INC., | |
| Defendants. | [Removal of Riverside County Superior Court Case No. CVCO2404728] |
| RRA CP OPPORTUNITY TRUST I; and REAL TIME RESOLUTIONS, INC., | |
| Counter-Plaintiffs, | |
| vs. | |
| SEAN E. REID, | |
| Counter-Defendant | |

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

RRA CP OPPORTUNITY TRUST I; and REAL TIME RESOLUTIONS, INC.,

                    Third-Party Plaintiffs,

        vs.

TRINA PATTERSON, and DIRECTCONNECT LEGAL SOLUTIONS INC.,

                    Third-Party Defendants.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

1   Defendants Real Time Resolutions, Inc. ("RTR") and RRA CP Opportunity
2   Trust I ("RRA" and with RTR, collectively "Defendants"), by and through the law
3   firm Holland & Knight LLP, collectively file their Answer and Affirmative
4   Defenses to Plaintiff Sean E. Reid's ("Plaintiff") Complaint ("Complaint") stating
5   as follows:

6   In answering the Complaint, Defendants deny any and all allegations not
7   specifically admitted herein.

8   ### VENUE AND JURISDICTION[1]

9   1.   Answering paragraph 1 of the Complaint, the allegations contain
10  conclusion of law to as to venue to which no response is required. To the extent a
11  response is required, Defendants deny the allegations.

12  2.   Answering paragraph 2, the allegations contain conclusion of law to
13  as to jurisdiction to which no response is required. To the extent a response is
14  required, Defendants deny the allegations.

15  3.   Answering paragraph 3, the allegations contain conclusion of law to
16  as to jurisdiction to which no response is required. To the extent a response is
17  required, Defendants admit only the subject property is within the boundaries of
18  Riverside County, California. Defendants deny the remaining allegations.

19  ### IDENTITY OF PARTIES

20  4.   Answering paragraph 4, Defendants admit only that Plaintiff has a
21  legal interest in the subject real property.  Answering further, Defendants lack
22  sufficient knowledge or information to form a belief as to the truth of the remaining
23  allegations and, on that basis, deny them.

24  5.   Answering paragraph 5, the allegations contain conclusions of law to
25  as to jurisdiction to which no response is required. To the extent a response is
26  required, Defendants deny the allegations.

27
28

---

[1] Defendants incorporate Plaintiff's headings for ease of reference but deny any allegations potentially asserted in the headings.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

6.      Answering paragraph 6, the allegations contain conclusions of law to as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants admit only that RTR services the mortgage loan secured by the subject real estate which is located in this judicial district.

7.      Answering paragraph 7, the allegations contain conclusions of law to as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations.

8.      Answering paragraph 8, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them.

9.      Answering paragraph 9, the allegations contain conclusions of law to as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations.

10.     Answering paragraph 10, Defendants deny the allegations.

### DATE OF DETERMINATION

11.     Answering Paragraph 11, Defendants admit only that Plaintiff purports to seek a judicial determination but denies that Plaintiff is entitled to any relief sought in the Complaint

### INTRODUCTION

12.     Answering paragraph 12, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

13.     Answering paragraph 13, Defendants admit only that the allegations describe the subject real estate.

14.     Answering Paragraph 14, Defendants deny the allegations.

//

//

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

## UNIFORM COMMERCIAL CODE AND CALIFORNIA COMMERCIAL CODE DEFINITIONS

15.    Answering paragraph 15, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

16.    Answering paragraph 16, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

17.    Answering paragraph 17, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

18.    Answering paragraph 18, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

19.    Answering paragraph 19, the allegations purport to offer a definition of good faith for which no response is required. To the extent a response is required, Defendants deny any misstatement of law.

20.    Answering paragraph 20, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

21.    Answering paragraph 21, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

22.    Answering paragraph 22, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

//
//

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

23.     Answering paragraph 23, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

24.     Answering paragraph 24, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

25.     Answering paragraph 25, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

26.     Answering paragraph 26, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

27.     Answering paragraph 27, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

28.     Answering paragraph 28, the allegations refer to the California U.C.C., which is a written statute that speaks for itself. Defendants deny any allegation that misstates the plain terms of the statute.

**THE SIGNIFICANCE OF THE UNIFORM COMMERCIAL CODE**

29.     Answering paragraph 29, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

30.     Answering paragraph 30, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

31.     Answering paragraph 31, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

- 6 -

32.    Answering paragraph 32, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

33.    Answering paragraph 33, the allegations contain conclusions of law to as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations.

34.    Answering paragraph 34, the allegations contain conclusions of law to as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations.

35.    Answering paragraph 35, the allegations contain conclusions of law to as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations.

36.    Answering paragraph 36, the allegations contain conclusions of law to as to jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations.

37.    Answering paragraph 37, denied. Answering further, Defendants have not reached any settlement with Plaintiff whatsoever, including but not limited to with respect to Plaintiff's obligations on the subject loan and deed of trust.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

## STATEMENT OF FACTS

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT,
COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

46. Denied.

47. Answering paragraph 47, the allegations refer to the California Code of Civil Procedure which is a written statutory code that speaks for itself. Defendants deny allegations that misstate the plain terms of the code.

48. Denied.

49. Denied.

50. Answering paragraph 50, the allegations contain conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

51. Answering paragraph 51, the Promissory Note is a document in writing that speaks for itself. Defendants deny any allegations that misstate the plain terms of the Promissory Note. Answering further, Defendants admit that RTR is the current loan servicer for Plaintiff's loan now owned by RRA, and that Plaintiff has failed to tender payments over the last fifteen years. Defendants deny any remaining allegations in paragraph 51 not specifically admitted herein.

52. Answering paragraph 52, the allegations refer to the California U.C.C. and U.C.C., which are written statutes that speak for themselves. Defendants deny any allegation that misstates the plain terms of the statutes.

53. Denied.

54. Denied.

55. Answering paragraph 55, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them.

56. Answering paragraph 56, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them.

//

//

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

57.    Answering paragraph 57, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them.

58.    Answering paragraph 58, Defendants admit only that Plaintiff has filed fraudulent, legally ineffective documents with the California Secretary of State as evidenced by his Exhibit A. Defendants deny any remaining allegation in paragraph 58 or that Plaintiff has satisfied his obligations under the subject loan. [2]

59.    Denied.

60.    Answering paragraph 60, the allegations refer to the California U.C.C. and U.C.C., which are written statutes that speak for themselves. Defendants deny any allegation that misstates the plain terms of the statutes.

61.    Denied.

62.    Denied.

63.    In answering paragraph 63, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

64.    In answering paragraph 64, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

65.    In answering paragraph 65, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

66.    In answering paragraph 66, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

67.    Denied.

---

[2] Plaintiffs' letter is part of type of debt elimination scheme the OCC has warned consumers has "no substance in law or finance." *See* https://www.occ.treas.gov/news-issuances/alerts/2007/alert-2007-55.html.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

## FIRST CAUSE OF ACTION

68.    Defendants incorporate by reference each of their prior responses as though fully stated herein.

69.    Denied.

70.    Denied.

71.    Answering paragraph 71, Defendants deny that Plaintiff is entitled to the relief sought and denies that Plaintiff is entitled to any relief whatsoever by way of his Complaint.

72.    Answering paragraph 72, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations and deny the documents attached as Exhibit A have any legal effect as alleged by Plaintiff in the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief following paragraph 72, Defendants deny that Plaintiff is entitled to any relief sought in his complaint from Defendants, including sections 1 through 7 of their Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants hereby allege the following separate and distinct defenses and affirmative defenses without conceding that it necessarily bears the burden of proof or persuasion on any of the same.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Defendants.

//

//

//

//

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

**SECOND AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff's claims are barred by the equitable doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

(No Causation)

Plaintiff is barred, in whole or in part, from recovering from Defendants on any of Plaintiff's claims because there is no causal relationship between any injury alleged to have been suffered and any act of Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

(Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

(No Damages)

Plaintiff did not suffer any damages.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff has recorded fraudulent documents in the public record trying to avoid his mortgage

//

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT,
COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

1  loan on the subject real property without any valid basis in law or fact for his

2  filings.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4  (Additional Defenses Reserved)

5  Defendants have insufficient knowledge or information upon which to form

6  a belief as to whether it may have additional, as-yet unstated, defenses available.

7  Defendants expressly reserve the right to assert additional defenses in the event

8  that discovery indicates that such defenses are appropriate.

9  //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

# COUNTERCLAIMS

## PARTIES

1.     Counter-Plaintiff RRA CP Opportunity Trust 1 ("RRA") is a Delaware Statutory trust.

2.     Counter-Plaintiff Real Time Resolutions, Inc. is a Texas corporation organized and existing under the laws of the State of Texas and headquartered in Dallas, Texas ("RTR" and collectively with RRA, the "Counter-Plaintiffs").

3.     Counter-Defendant Sean E. Reid ("Reid") is a citizen of California.

4.     Reid is a licensed real estate agent in California.

5.     On Reid's website on Century 21 Masters, he claims to specialize in foreclosures.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1441(b).

7.     Venue is proper in this Court because Reid resides within the judicial district and events of this counterclaim occurred within the Court's jurisdiction. *See* 28 U.S. Code § 1391(B).

## PLAINTIFF INCURRED THE SUBJECT MORTGAGE DEBT

8.     On May 21, 2007, Reid executed a home equity line of credit and promissory note ("HELOC") in favor of GreenPoint Mortgage Funding, Inc. ("Greenpoint"), which was secured by secured by an open-end deed of trust ("DOT" and together with the HELOC, the "Loan") recorded against the property at 6212 Mulan Street, Corona, CA 92880 ("Property"), on March 25, 2007. Copies of the HELOC and DOT are attached hereto as **Exhibits A** and **B** respectively.

9.     By December 29, 2017, the DOT was assigned to RRA. Copies of the recorded assignments are attached hereto as **Exhibits C** and **D** respectively.

10.     The DOT expressly authorizes the recovery of attorneys' fees and costs incurred in protecting the security interest granted in the Property. *See* DOT, ¶ 9.

- 13 -

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

11. RRA retained RTR as loan servicer with respect to the Loan.

12. On April 11, 2012, Reid obtained a Chapter 7 bankruptcy discharge and discharged his personal obligations on the Loan in case no. 6:12-bk-10033-MH in the United States Bankruptcy Court for the Central District of California.

13. While Reid's personal obligation the Loan was discharged, the Chapter 7 bankruptcy discharge did not extinguish the DOT and the lien of the DOT continued to encumber the subject property after the discharge.

14. By letter dated January 25, 2013, RTR notified Reid that it was the new loan servicer of his Loan.

15. By letter dated June 1, 2017, RTR notified Reid that RRA was the new owner of the Loan.

16. Thereafter, RTR's correspondence to Reid regularly identified RRA as the creditor of the Loan, including a recent letter dated April 2, 2024.

17. Reid defaulted on the Loan by failing to pay the May 2009 installment, and the Loan remains due for the May 2009 installment and all monthly installments through the present date.

18. As a result of Reid's failure to tender payments, on January 13, 2024, RTR served notice on Reid that it may invoke its right to foreclosure based on the terms of the DOT and invited him to contact RTR to discuss his options to try to avoid losing the Property via foreclosure.

19. Instead of pursuing legitimate loss mitigation opportunities, in an apparent effort to clear title to the Property, Reid initiated a fraudulent scheme involving a string of bogus letters and recorded filings related to the Loan.

**Reid's Fraudulent Scheme To Try to Avoid The DOT**

20. In response to RTR's January 13, 2024 letter, Reid sent RTR a correspondence titled "Non-Negotiable Notice of Conditional Acceptance" dated "Month: One Day: Twenty-Nine Year: 2024" (the "First Sham Letter"). A true and correct copy of the First Sham Letter is attached hereto as **Exhibit E**.

- 14 -

21.    In the First Sham Letter, Reid stated that if RTR failed to respond in ten days it unilaterally would "be deemed" to have agreed to the following:

> Specifically, you will be deemed to have agreed to the following: that there was never a valid debt under the Note and Deed of Trust thereby rending it null and void at its inception, that no further payment is owed, that the outstanding debt has been discharged in full thereby reducing the account balance to zero, that you will remove negative credit reporting you may have reported to the crediting agencies, that you will mail me a lien release (reconveyance), that you are accepting this NOTICE as full accord and satisfaction, that you agree that for any attempt by you or your agent to repossess my home located at 6212 Mulan Street, Corona, CA 92880 (hereafter referred to as the "Property") you agree to pay my protection fee of $5,000 per attempt, that in the event of a successful repossession by you or by your agent that you will pay a daily Property holding fee of $5,000 per day until the Property is returned to me.

*Id.*, P. 3.

22.    On February 20, 2024, RTR received a second letter from Reid (the "Second Sham Letter") dated "Month: Two  Day: Fourteen  Year: 2024." A true and correct copy of the Second Sham Letter is attached hereto as **Exhibit F**.

23.    In the Second Sham Letter, Reid asserted RTR was "in default" and Reid contended that "you have agreed that no further balanced is owed and that his commercial matter is settled and closed." *Id.*, P. 2.

24.    He further stated that if you fail to respond in ten days, "I will assume the accounting for this commercial matter is settled and closed." Id.

25.    On March 11, 2024, RTR received a third letter from Reid dated "Notice Date Day: Four  Month: Three  Year: 2024. (the "Third Sham Letter"). A true and correct copy of the Third Sham Letter is attached hereto as **Exhibit G**.

26.    In the Third Sham Letter, Reid again contended that RTR was in default and he claimed that RTR "acquiesced" and "tacitly agreed" with all the terms of his First Sham Letter and Second Sham Letter. Id., P. 2.

27.    In the Third Sham Letter, Reid also demanded a satisfaction and release of lien as to the DOT "forthwith." Id.

28.    On March 25, 2024, RTR received yet another letter from Reid dated March 19, 2024 (the "Fourth Sham Letter" and together with the First Sham Letter, //

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

Second Sham Letter, and Third Sham Letter, the "Sham Letters"). A true and correct copy of the Fourth Sham Letter is attached hereto as **Exhibit H**.

29.    In the Fourth Sham Letter, Reid claimed that RTR had "stipulated" to the terms of his First Sham Letter and asserted "an unrebutted affidavit stands as Truth in Commerce." *Id.*, P. 2.

30.    At no point from January 29, 2024 through March 25, 2024, when Reid sent his Sham Letters to RTR, did Reid tender payment to RTR to try to cure the default on the Loan.

31.    At no point from January 29, 2024 through March 25, 2024, when Reid sent his Sham Letters to RTR, did Reid submit a loss mitigation application to try to qualify for a loan modification which could have cured his default.

32.    Nothing contained in Reid's Sham Letters operated to satisfy or discharge the indebtedness on the Loan under California law.  Rather, the Sham Letters were the first step in Reid's fraudulent debt elimination scheme that had no legal basis.

33.    As of April 2, 2024, the Loan remained in default.

34.    On April 2, 2024, RTR sent Reid a letter that advised him that the DOT remained a valid encumbrance on the Property and that none of his Sham Letters operated to satisfy the indebtedness. A true and correct copy of the April 2, 2024 letter is attached hereto as **Exhibit I** ("RTR Response") .

35.    Despite not satisfying the Loan balance, on April 22, 2024, Reid caused to be recorded with the California Secretary of State a U.C.C. Financing Statement in which he was denoted as the secured party and RTR and RRA were denoted as the debtors and that purported to assert that RTR and RRA owed him damages in the amount of $188,400.00 (the "Fraudulent UCC Filing"). A true and correct copy of the Fraudulent UCC Filing is attached hereto as **Exhibit J**.

36.    Neither of the Counter-Plaintiffs executed any document to authorize Reid to file the Fraudulent UCC Filing.

- 16 -

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

37.    Despite not satisfying the Loan balance, on April 26, 2024, upon information and belief, Reid caused DirectConnect Legal Solutions, Inc. and Trina Patterson, purportedly acting as the "Trustee", to record with the County of Riverside a Full Reconveyance that purported to cancel the DOT and reconvey all interest in the Property to Reid without the DOT (the "Fraudulent Reconveyance"). A true and correct copy of the Fraudulent Reconveyance as recorded in the County records is attached hereto as **Exhibit K.**

38.    Neither of the Counter-Plaintiffs authorized or consented to the Fraudulent Reconveyance and neither DirectConnect nor Patterson were ever substituted as Trustee on the DOT.

39.    Both the Fraudulent UCC and the Fraudulent Reconveyance are defective under California law.

40.    Reid is a sophisticated consumer in the area of real property due to his career as a real estate agent specializing in foreclosures and he knows or should have known the Fraudulent UCC and Fraudulent Reconveyance were defective under California law.

41.    As of July 9, 2024, the payoff balance on the Loan is $135,053.32 and the Loan remains due for the May 2009 payment and all payments due thereafter.

## COUNT I
## Slander of Title

42.    Counter-Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 41 as thought set forth fully herein.

43.    Reid caused the Fraudulent Reconveyance to be recorded in the public record of Riverside County that casts doubt on RRA's valid, legal interest in the Property.

44.    Reid caused the Fraudulent Reconveyance to be publicly recorded for all of the public to view.

//

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

45.    The statements in the Fraudulent Reconveyance that Reid caused to be recorded were not true in that he had not satisfied the obligations due on the Loan and was not entitled to a full reconveyance.

46.    Reid knew the statements in the Fraudulent Reconveyance were untrue or acted with reckless disregard for the truth of the statements therein as to the satisfaction of RRA's DOT.

47.    Reid knew or should have known that the general public might act in reliance on the statements in the Fraudulent Reconveyance causing a financial loss to RRA.

48.    RRA has in fact suffered an immediate and direct financial harm, by among other harms to be proven, by incurring legal expenses to remove the doubt cast by the Fraudulent Reconveyance.

49.    Reid's conduct in causing the Fraudulent Reconveyance to be recorded was a substantial factor in causing RRA's harm.

50.    Reid has engaged in malicious, willful and fraudulent commission of wrongful acts and because of the outrageous nature of the acts, Counter-Plaintiffs are entitled to, and should be awarded, compensatory and punitive damages against Reid.

WHEREFORE, RRA prays for judgment as set forth below.

## COUNT II

## Cancellation of Instruments

51.    Counter-Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 50 as thought set forth fully herein.

52.    The Fraudulent Reconveyance is void or voidable because Reid did not satisfy the indebtedness on the Loan to serve as the basis for the alleged reconveyance and because Patterson and DirectConnect did not have authority under the DOT to record it.

//

//

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

- 18 -

53.    The Fraudulent UCC Filing is void or voidable because Reid did not satisfy the indebtedness on the Loan nor did either of Counter-Plaintiffs enter into any agreement to authorize the Fraudulent UCC Filing.

54.    If not cancelled, both the Fraudulent Reconveyance and Fraudulent UCC Filing would cause serious injury to Counter-Plaintiffs both in the form of loss of lien against the Property, alleged indebtedness on the Fraudulent UCC Filing, and reputational damage to Counter-Plaintiffs.

WHEREFORE, Counter-Plaintiffs demand judgment as set forth below.

## COUNT III

### Tortious Interference with Contractual Relationship

55.    Counter-Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 as thought set forth fully herein.

56.    RRA and RTR contracted for RTR to service the Loan for which RRA is the creditor under which both Counter-Plaintiffs benefitted.

57.    By means of multiple letters sent to him by RTR, Reid was aware of the contractual relationship in place between RTR and RRA.

58.    By filing his Fraudulent UCC Filing and Fraudulent Reconveyance, Reid intentionally interfered with the contractual relationship of the Counter-Plaintiffs or acted by wrongful means in interfering with the contractual relationship of the Counter-Plaintiffs.

59.    The interference has caused economic harm in the form of the attorneys' fees and costs, damage to the reputation of Counter-Plaintiffs, and caused other harms to be proven at trial.

WHEREFORE, Counter-Plaintiffs request judgment as set forth below.

## COUNT IV

### Declaratory Relief Pursuant 28 U.S.C. § 2201

60.    Counter-Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 59 as thought set forth fully herein.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

61.    The Fraudulent Reconveyance and Fraudulent UCC Filing are void and of no force or effect whatsoever.

62.    Counter-Plaintiffs' interest in the DOT is at risk by the Fraudulent Reconveyance and Counter-Plaintiffs are at risk of financial harm due to the Fraudulent UCC Filing.

63.    A controversy at issue exists and is justiciable under Declaratory Judgment Act. Declaratory relief is warranted.

WHEREFORE, Counter-Plaintiffs demand judgment as set forth below.

### PRAYER

Counter-Plaintiffs requests the Court enter the following relief:

A.    For actual damages in the amount according to proof;

B.    For punitive damages;

C.    For a declaration that may be recorded in the public record that the Fraudulent UCC Filing and Fraudulent Reconveyance are void and inoperable as purported by the plain terms of the documents;

D.    That an order be entered cancelling the Fraudulent UCC Filing and Fraudulent Reconveyance;

E.    That a constructive trust be imposed upon Reid and his agents for the proceeds of any sale of Sale of the Property he may attempt following the recording of the Fraudulent Reconveyance;

F.    For attorneys fees and costs pursuant to the terms of the Deed of Trust.

//
//
//
//
//
//
//

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

**THIRD-PARTY COMPLAINT**

Third-Party Plaintiffs RRA CP Opportunity Trust 1 ("RRA") and Real Time Resolutions, Inc. ("RTR" and collectively with RRA, the "Third-Party Plaintiffs") bring this third party complaint against third-party defendants Trina Patterson ("Patterson") and DirectConnect Legal Solutions Inc. ("DirectConnect" and collectively with Patterson, "Third-Party Defendants"):

**THE PARTIES**

1.      RRA is a Delaware Statutory trust.

2.      RTR is a Texas corporation organized and existing under the laws of the State of Texas and headquartered in Dallas, Texas.

3.      Upon information and belief, Trina Patterson, a/k/a Trina Lobo, is a California resident residing in Corona, CA.

4.      DirectConnect Legal Solutions Inc. is Delaware corporation with a principal office address at 9431 Haven Avenue, Suite 110-280, Rancho Cucamonga, CA 91730.

5.      DirectConnect may be served process on its registered agent Christian X. Lobo, 9431 Haven Avenue, Suite 100-280, Rancho Cucamonga, CA 91730.

**JURISDICTION AND VENUE**

6.      This third-party complaint is within the supplemental jurisdiction of the District Cour pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this Court because, upon information and belief, Patterson resides within the judicial district and events of this third-party complaint occurred within the Court's jurisdiction. *See* 28 U.S. Code § 1391(B).

**GENERAL ALLEGATIONS**

8.      On May 21, 2007, Sean E. Reid ("Reid") granted a home equity line of credit and promissory note ("HELOC") in favor of GreenPoint Mortgage Funding, Inc. ("Greenpoint"), which was secured by secured by an open-end deed of trust ("DOT" and together with the HELOC, the "Loan") recorded against the property at

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT,
COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

6212 Mulan Street, Corona, CA 92880 ("Property"), on March 25, 2007. *See* Exhibits A and B.

9. By December 29, 2017, the DOT was assigned to RRA. *See* Exhibits C and D.

10. RRA retained RTR as loan servicer with respect to the Loan.

11. On April 11, 2012, Reid obtained a Chapter 7 bankruptcy discharge and discharged his personal obligations on the Loan.

12. While Reid's personal obligation the Loan was discharged, the Chapter 7 bankruptcy discharge did not extinguish DOT and the lien of the DOT continued to encumber the subject property after the discharge.

13. By letter dated January 25, 2013, RTR notified Reid that it was the new loan servicer of his Loan.

14. By letter dated June 1, 2017, RTR notified Reid that RRA was the new owner of the Loan.

15. Thereafter, RTR's correspondence to Reid regularly identified RRA as the creditor of the Loan, including a recent letter dated April 2, 2024.

16. Reid defaulted on the Loan by failing to pay the May 2009 installment, and the Loan remains due for the May 2009 installment and all monthly installments through the present date.

17. As a result of Reid's failure to tender payments, on January 13, 2024, RTR served notice on Reid that it may invoke its right to foreclosure based on the terms of The DOT and invited him to contact RTR to discuss his options to try to avoid losing the Property via foreclosure.

### DirectConnect Claims To Specialize in Mortgage Litigation

18. Upon information and belief, DirectConnect offers services for self-represented litigants in evictions and foreclosures.

19. DirectConnect advertises that it works with homeowners who are experiencing difficulty with paying their mortgage.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

20.     DirectConnect advertises that it specializes in mortgage litigation.

21.     DirectConnect represents to potential customers that it will prepare legal documents on their behalf.

22.     According to the records of the California Secretary of State, Patterson serves as Chief Executive Officer, Secretary, and Chief Financial Officer of DirectConnect.

23.     Patterson serves as the *de facto* "face of the company" for DirectConnect appearing on its advertisement which notes that "Trina does very good work is reliable and trustworthy."

24.     Upon information and belief, Patterson is not an attorney licensed by the California Bar.

### DirectConnect's Fraudulent Reconveyance of the DOT

25.     As of July 9, 2024, the payoff balance on the Loan was $135,053.32. The DOT secured repayment of the Loan.

26.     On April 2, 2024, RTR sent Reid a letter that advised him that the DOT remained a valid encumbrance on the Property. *See* Exhibit I.

27.     Despite not satisfying the Loan balance, on or April 26, 2024, upon information and belief, Reid directed DirectConnect and Trina Patterson to record with the County of Riverside a Full Reconveyance that purported to cancel the DOT and reconvey all interest in the Property to Reid purportedly not subject to the DOT (the "Fraudulent Reconveyance"). *See* Exhibit K

28.     The Fraudulent Conveyance indicates that DirectConnect was acting "as Trustee under that certain Deed of Trust Dated October 25, 2006, made by Trustor SEAN EUGENE REID, A MARRIED MAN, and recorded on May 25, 2007, as Instrument No. 2007-03485337…." *Id.*

29.     The Fraudulent Reconveyance was executed by Patterson in her purported capacity as "Trustee/CEO."

//

- 23 -

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

30.    At the time the Fraudulent Reconveyance, neither Patterson nor DirectConnect had been substituted as Trustee for the DOT.

31.    At the time of the Fraudulent Reconveyance, neither Patterson nor DirectConnect were empowered by Third-Party Plaintiffs to record the Fraudulent Reconveyance or to act as Trustee under the DOT.

32.    Neither of the Third-Party Plaintiffs authorized or consented to the Fraudulent Reconveyance as the Loan still had an outstanding balance in excess of $130,000 and there was no valid basis under the Loan to file a reconveyance at the time.

33.    The Fraudulent Reconveyance is defective under California law.

34.    DirectConnect and Patterson claim to specialize in mortgage litigation and therefore knew or should have known that the no legal basis existed for DirectConnect and Patterson to execute and record the Fraudulent Reconveyance.

## COUNT 1

### Cancellation of Instruments

### (Against all Third-Party Defendants)

35.    Third-party Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 34 as thought set forth fully herein.

36.    The Fraudulent Reconveyance is void or voidable because Reid did not satisfy the indebtedness on the Loan to serve as the basis for the reconveyance and because Third-party Defendants had no authority under the DOT to record the reconveyance.

37.    If not cancelled, the Fraudulent Reconveyance would cause serious injury to Third-party Plaintiffs in the form of loss of lien pursuant to the DOT against the Property.

WHEREFORE, Counter-Plaintiffs demand judgment as set forth below.

//

//

- 24 -

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

**COUNT II**

**Declaratory Relief Pursuant 28 U.S.C. § 2201**

**(Against all Third-Party Defendants)**

38.     Third-party Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 37 as thought set forth fully herein.

39.     The Fraudulent Reconveyance is void and of no force or effect whatsoever.

40.     Third-party Plaintiffs' interest in the DOT is at risk by the Fraudulent Reconveyance.

41.     A controversy at issue exists and is justiciable under Declaratory Judgment Act. Declaratory relief is warranted.

WHEREFORE, Third-party Plaintiffs demand judgment as set forth below.

**COUNT III**

**California Business and Professions Code §§ 17200,** *et seq.*

**(Against all Third-Party Defendants)**

42.     Third-party Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 41 as thought set forth fully herein.

43.     Third-party Defendants are liable for violations of the California unfair competition laws, at Business & Professional Code §§ 17200, *et seq.*

44.     The conduct described herein in recording the Fraudulent Reconveyance constitutes unlawful, unfair, or under the circumstances alleged, fraudulent business practices, and as such, constitute a predicate offense under the UCL.

45.     Third-Party Defendants' conduct violates, among other statutes, California Code § 2941 governing the procedures for reconveying a deed of trust, and as such, constitutes a predicate offense under the UCL.

46.     Third-party Plaintiffs are subject to real and immediate threat of continuing or additional injury from Third-party Defendants and their enterprise in the potential loss of the property that is secured by the DOT.

- 25 -

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: (213) 896-2400
Fax: (213) 896-2450

47.     Injunctive relief is necessary to prevent harm not only to Third-party Plaintiffs but the public generally.

48.     Pursuant to Business & Professions Code § 17204, Third-party Plaintiffs seek an order of this Court enjoining Third-party Defendants from continuing to engage in the acts as set forth herein, which acts constitute violations of Business & Professions Code § 17200, *et seq*.

49.     Third-party Defendants' conduct have adversely affected the public property records in California and the greater public remains at risk from future repeat conduct of Third-party Defendants.

50.     Third-party Defendants' conduct presents a matter of substantial public concern and interest necessitating injunctive relief that will limit the potential for future fraudulent recordings.

51.     As a result of Third-party Defendants' unfair, unlawful and fraudulent acts and practices, Third-Party Plaintiffs have been injured in their business and property as alleged herein and have sustained financial losses to litigate this lawsuit.

52.     Third-party Plaintiffs are entitled to injunctive relief and restitution for Third-party Defendants' unlawful, unfair, and fraudulent business practices.

## PRAYER

Third-party Plaintiffs requests the Court enter the following relief:

A.     For actual damages in the amount according to proof;

B.     For punitive damages;

C.     For a declaration that may be recorded in the public record that the Fraudulent Reconveyance is void and inoperable as purported by the plain terms of the documents;

//

//

//

//

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

1      D.     That an order be entered cancelling the Fraudulent Reconveyance;

2      E.     For an injunction;

3      F.     For attorneys fees and costs pursuant to the terms of the Deed of Trust.

Dated:  August 20, 2024

*/s/ Justin C. Adofina*
HOLLAND & KNIGHT LLP
JUSTINA C. ADOFINA

Attorneys for Real Time Resolutions, Inc and RRA CP Opportunity Trust I

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: (213) 896-2400
Fax: (213) 896-2450

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Holland & Knight LLP<br>400 South Hope Street, 8th Floor<br>Los Angeles, CA  90071<br>Tel: (213) 896-2400<br>Fax: (213) 896-2450

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )    ss.
COUNTY OF LOS ANGELES )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, 8th Floor, Los Angeles, California  90071.

       On **August 20, 2024**, I caused the foregoing document described as **DEFENDANTS REAL TIME RESOLUTION, INC. AND RRA CP OPPORTUNITY TRUST I'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT** to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Sean E. Reid                  *Pro se Plaintiff*
6212 Mulan Street
Corona, CA  92880

**[ X ]  (BY MAIL)**  Following ordinary business practices, I placed the document for collection and mailing at the offices of HOLLAND & KNIGHT LLP, 400 South Hope Street, 8th Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

**[ X ]      (FEDERAL)**    I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

       Executed on **August 20, 2024**, at Los Angeles, California.



_____
Bobbette Mack

---

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT